IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-17-604 |
| | * | |
| **LEROY THOMAS III,** | | |
| | * | |
| Defendant. | | |
| | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Defendant Leroy Thomas III is currently serving a sentence of 54 months of incarceration at Elkton Federal Correctional Institution in Lisbon, Ohio after pleading guilty to Possession with Intent to Distribute One Kilogram or More of a Mixture and Substance Containing a Detectible Amount of Phencyclidine (commonly referred to as "PCP"). ECF No. 18. Pending before the Court is Mr. Thomas's Motion for Early Release. ECF No. 33. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Thomas's Motion is denied.

**I.     BACKGROUND**

On December 11, 2017, Mr. Thomas waived indictment, ECF No. 6, and pleaded guilty to an information charging him with Possession with Intent to Distribute One Kilogram or More of a Mixture and Substance Containing a Detectible Amount of PCP, in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. Attached to the plea agreement was a statement of stipulated facts describing conduct to which Mr. Thomas pleaded guilty. ECF No. 7-1.

1

The stipulation states that on April 26, 2017, Mr. Thomas flew from Baltimore-Washington International Thurgood Marshall Airport, Maryland ("BWI") to Los Angeles, California and, while there, obtained a quantity of PCP. Upon his return to BWI on April 29, 2017, law enforcement executed a search warrant on his two suitcases and recovered 24 wine bottles containing approximately 12 kilograms of PCP. The parties agreed that Mr. Thomas possessed the PCP with the intent to distribute it and that $96,000 in United States currency was furnished or intended to be furnished to Thomas in exchange for the PCP. ECF No. 7-1.

Defendant's sentencing hearing was held on April 9, 2018. ECF No. 17. Based on an offense level of 29 and Defendant's criminal history score placing him in criminal history category I, the Court determined that Defendant's advisory sentencing guidelines range was 87 – 108 months. ECF No. 19 at 1. The Court determined that a significant downward variance was appropriate and sentenced Defendant to a total of 54 months incarceration. ECF No. 18 at 2. The Court additionally imposed a five year term of supervised release. ECF No. 18 at 3.

On October 13, 2020, Defendant filed a Motion for Early Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his vulnerability to COVID-19. ECF No. 80. On December 7, 2020, the Government an extension of time to file a response *nunc pro tunc*, nothing that the attorney the case was assigned to had left the office and the Government had been unaware of the Motion. ECF No. 35. The Court granted the extension, ECF No. 36, and the Government filed an Opposition on December 17, 2020, ECF No. 37.[1] The Defendant has not filed a reply.

## II.     DISCUSSION

Asserting that he is at serious risk of becoming severely ill from COVID-19 due to his preexisting medical conditions, Mr. Thomas moves for a reduction in his sentence for

---

[1] The Government's Opposition was filed under seal with an accompanying Motion to Seal, which is granted. ECF No. 38.

"extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court reviews the framework applicable to Defendant's request before assessing whether Defendant has satisfied its requirements.

### A. Governing Provisions

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-0202, 2020 WL

3

1676219, at *2 (D. Md. Apr. 6, 2020). The Commission has provided this description at

§ 1B1.13 of the U.S. Sentencing Guidelines, which states in relevant part that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which includes if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). The Bureau of Prisons ("BOP") has offered its determination in a Program Statement numbered 5050.50 and titled "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)."[2]

---

[2] The Program Statement, issued January 17, 2019, is available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 28, 2020).

Judges in this district and elsewhere have found, however, that § 1B1.13 and its Application Note are inconsistent with the First Step Act. As Judge Chuang of this Court explained in *United States v. Mel*, while § 1B1.13 "identifies certain specific scenarios under which a sentence reduction could be warranted, it nevertheless permits a reduction based only on meeting the broad category of 'extraordinary and compelling reasons'" as determined by BOP. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(D)). Judge Chuang reasoned, however, that "[s]ince the First Step Act changes the law to allow a compassionate release reduction to be granted by the Court without input from the BOP, the pre-First Step Act references in the policy statement to determinations by the BOP are outdated and not binding." *Id.* Similarly, in *United States v. Decator*, Judge Blake held that "[w]hile Sentencing Commission and BOP criteria remain helpful guidance, the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." 2020 WL 1676219 at *2 (reaching this conclusion after a careful review of the relevant provisions and recent case law).

This Court recently found that these analyses are persuasive and therefore adopted the same conclusions. *See United States v. Lazarte*, No. GJH-16-296, 2020 WL 3791977, at *3 (D. Md. July 7, 2020). Accordingly, the Court's consideration of sentence reduction motions follows the three steps established by § 3582(c)(1)(A) as modified by the First Step Act. First, assuming the defendant has exhausted administrative remedies, the Court considers whether a reduction is warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's "independent discretion." *Decator*, 2020 WL 1676219, at *2.

Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable

Policy Statement remains § 1B1.13, despite its partial nullification as a result of the First Step Act. Accordingly, pursuant to the Policy Statement, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[3] that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

### B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government contends that because Mr. Thomas requested home confinement from the Bureau of Prisons and not a reduction in sentence to time-served, Mr. Thomas has not exhausted his remedies. ECF No. 37 at 1. Because the Court denies the request on other grounds, the Court will assume without deciding that Mr. Thomas's request sufficiently exhausted his administrative remedies.

### C. Extraordinary and Compelling Reasons

The Court next considers whether Mr. Thomas has sufficiently demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. Mr. Thomas asserts

---

[3] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

only that he has "a history of bronchitis and was prescribed inhalers throughout his childhood to manage his breathing." ECF No. 33 at 2. Mr. Thomas is now 35 years old, far removed from childhood. ECF No. 39 at 1. And while a review of Mr. Thomas's medical records does include one reference to him reporting childhood respiratory issues, ECF No. 39 at 20, there is no indication of any current or even recent concerns. Additionally, his records show that he has been tested for COVID-19 a number of times, each result being negative, indicating that the prison is being attentive to the concern. ECF No. 39.

As the U.S. Court of Appeals for the Third Circuit recently explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Marshall*, No. DKC 13-0492-3, 2020 WL 3447746, at *1 (D. Md. June 24, 2020) (noting this conclusion in *Raia* and denying the defendant's motion for compassionate release); *United States v. Anderson*, No. ELH-19-302, 2020 WL 1929440, at *5 (D. Md. Apr. 20, 2020) (same). This is even more true here where Mr. Thomas does not currently appear to have serious medical conditions that would increase the likelihood of a negative outcome were he to contract COVID-19. The Court certainly has great concern for Mr. Thomas's health and well-being but cannot on this record find that he has demonstrated extraordinary and compelling reasons for release.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Release, ECF No. 33 is **DENIED**. The Government's Motion to Seal, ECF No. 38, is **GRANTED**.


Date: <u>January   11, 2021</u>                                   <u>  /s/                                        </u>
                                                                  GEORGE J. HAZEL
                                                                  United States District Judge